# Exhibit 1

DEPARTMENT OF HEALTH & HUMAN SERVICES
Centers for Medicare & Medicaid Services
JFK Federal Building, Government Center
Room 2325
Boston, Massachusetts 02203
617-565-1188


CENTERS for MEDICARE & MEDICAID SERVICES

Office of the Regional Administrator / Region I

May 28, 2004

Kristen Reasoner Apgar
General Counsel
The Commonwealth of Massachusetts
Executive Office of Health and Human Services
1 Ashburton Place, Room 4409
Boston, Massachusetts 02408

Re: Implementation of *Goodridge* decision

Dear Ms. Apgar:

This is in response to your letter of March 22, 2004 to Brian Cresta regarding issues arising from the *Goodridge* decision and particularly how that decision interacts with the Federal Medicaid statute. In general, the Department of Health and Human Services does not provide legal opinions. However, we certainly want to help the Commonwealth avoid potential conflicts with Federal law, which could result in loss of Federal matching funds.

You are undoubtedly aware that under the Defense of Marriage Act (DOMA), Pub. L. No. 104-199, 1 U.S.C. § 7,

> In determining the meaning of any Act of Congress ... the word "marriage" means only a legal union between one man and one woman as husband and wife, and the word "spouse" refers only to a person of the opposite sex who is a husband or a wife.

In large part, DOMA dictates the response to your seven questions which we will answer below. In short, the DOMA does not give the Centers for Medicare & Medicaid Services (CMS) the discretion to recognize same-sex marriage for purposes of the Federal portion of Medicaid.

> 1. If the state determines that the applicant spouse in a same-sex marriage is *not* eligible for Medicaid, but the applicant would be eligible if not married, would the state's denial of Medicaid benefits violate Federal Medicaid law?

Yes. If the applicant is eligible for medical assistance under the state plan approved under title XIX, the state must provide medical assistance to the applicant or be in violation of Federal Medicaid law. If, for example, under state law the applicant is ineligible because his same sex spouse has income or resources which are deemed to him thereby making him ineligible, this deeming would not be permitted under the Federal Medicaid statute. Deeming of income and resources is only permitted between spouses, as defined by DOMA, or from a parent to a minor

1

or disabled child. Because a same sex couple are not spouses under Federal law, the deemed income or resources which would result in the applicant's ineligibility cannot be recognized under Federal law.

> 2. Conversely, if the state determines that the applicant spouse in a same-sex marriage *is* eligible for Medicaid, but the applicant would *not* be eligible, if not married (for example, where the spouse's medical expenses are counted to meet applicant's deductible or spenddown), would FFP be available on the state's expenditures for the applicant spouse?

No. If the reason that the applicant is eligible under the state's determination is the state's treatment of the same sex partner as a spouse, FFP would not be available in the state's expenditures for the individual. The individual may be eligible for a state only medical assistance benefit.

> 3. Similarly, if the state treats the same-sex spouse of an institutionalized applicant as the "community spouse" under the "spousal impoverishment" rules, and determines that the institutionalized applicant is eligible for Medicaid when the applicant would not be eligible if not married, would FFP be available on the state's expenditures for the institutionalized individual?

If the applicant would be ineligible if he or she were treated as being unmarried, no FFP would be available in the state's expenditures for that individual. The spousal impoverishment protections only apply to an institutionalized individual with a community spouse. Under DOMA a same sex couple would not qualify as an individual with a spouse.

> 4. Under Federal Medicaid law, a trust established by the spouse of an institutionalized Medicaid applicant is considered to be established by the applicant. If the same-sex spouse of an institutionalized Medicaid applicant establishes a trust, may the state, in determining Medicaid eligibility, consider the trust to be established by the institutionalized applicant?

Not in their capacity as a spouse; however, the rule under which a trust will be considered to be established by an institutionalized individual also applies when an individual other than a spouse establishes the trust. The institutionalized individual will be considered to have established the trust if his or her assets were used to form all or part of the corpus of the trust and <u>another individual who has the legal authority to act in place of or on behalf of the individual</u> establishes the trust. Whether a particular individual has the legal authority to act in this capacity for the institutionalized individual is a matter of state law.

> 5. Under federal Medicaid law, if an institutionalized Medicaid applicant transfers assets for less than fair market value to the applicant's spouse (or for the spouse's benefit), the transfer does not result in a penalty. If an institutionalized Medicaid applicant transfers assets for less than fair market value to his same-sex spouse, may the state treat the transfer as a permissible transfer that results in no penalty?

No. The provision governing asset transfers would not apply in the context of a same sex spouse since under DOMA that individual is not a spouse.

6. Where all federal Medicaid requirements for placing a real estate lien otherwise are present, may the state opt not to place a lien, so long as the same-sex spouse is lawfully residing in the home?

Each state follows its own laws or regulations on imposition of liens and on estate recoveries within Federal guidelines. Federal language which restricts imposition of liens or adjustment or recovery in the case of a lien until after the death of the surviving spouse would not apply to the surviving member of a same sex couple. However, while imposition of a lien on real property is optional, estate recovery from real property subject to a lien is mandatory.

7. Where the state otherwise has a claim under federal Medicaid law against a deceased recipient's estate, may the state opt not to require repayment until after the death of the surviving same-sex spouse? If repayment would otherwise be required under federal Medicaid law, may the state amend its undue hardship criteria, so as to waive repayment until after the death of the surviving same-sex spouse?

Again, each state follows its own laws and regulations on estate recovery, consistent with Federal guidelines. DOMA, of course, effectively prohibits the recognition of same sex spouses.

I hope this information is helpful as Massachusetts considers its response to the *Goodridge* decision.

Sincerely,

Charlotte S. Yeh, MD, FACEP
Regional Administrator