**Exhibit 2**

DEPARTMENT OF HEALTH & HUMAN SERVICES
Centers for Medicare & Medicaid Services
JFK Federal Building, Government Center
Room 2275
Boston, Massachusetts 02203



Division of Medicaid and Children's Health Operations / Boston Regional Office

August 21, 2008

RECEIVED

JudyAnn Bigby, M.D., Secretary
Executive Office of Health
  and Human Services
One Ashburton Place
Boston, Massachusetts 02108

Dear Dr. Bigby:

We understand that recently the legislature passed and the Governor signed an Act Relative to Equality in the MassHealth Program. This Act (Chapter 217 of the Acts of 2008) amended Chapter 118E of the General Laws by adding §61. This section provides that notwithstanding the unavailability of Federal financial participation (FFP), no person who is recognized as a spouse under the laws of the Commonwealth shall be denied benefits that are otherwise available under this chapter due to the provisions of 1 U.S.C. § 7 or any other Federal non-recognition of spouses of the same sex.

We are enclosing a copy of a letter we wrote to Kristen Reasoner Apgar on May 28, 2004, concerning the implementation of the *Goodridge* decision and the Defense of Marriage Act (DOMA), Public Law No. 104-199, 1 U.S.C. § 7.[1] We thought you would be attempting to implement the *Goodridge* decision in MassHealth in accordance with the guidance we provided you in that letter. Apparently, the limitation on FFP prevented you from doing so without legislative approval. Your current law seems to address this.

As our May 28, 2004 letter indicated, and as your new State law appears to recognize, DOMA applies to all Federally funded programs including Medicaid. DOMA limits the availability of FFP by precluding recognition of same sex couples as "spouses" in the Federal program. DOMA also precludes the State from narrowing Federal Medicaid entitlements by considering individuals as spouses who would not be spouses under Federal law.

---

[1] DOMA provides that in determining the meaning of any Act of Congress, or of any ruling, regulation, or interpretation of the various administrative bureaus and agencies of the United State, the word "marriage" means only a legal union between one man and one woman as husband and wife, and the word "spouse" refers only to a person of the opposite sex who is a husband or a wife.

Page 2 - JudyAnn Bigby, M.D., Secretary

All Federal funds, including Title XIX (and Title XXI) funds, used to reimburse the State for benefits or administrative costs, are covered under DOMA. You must pay the full cost, including the cost of administration, of a program that does not comply with Federal law. To assure there is no conflict and for MassHealth to remain in compliance with all applicable Federal laws, you can elect to set up a separate State financed and administered program in which no Federal funds are used if the State believes that long-term care or any other Medicaid benefits in the form of spousal protections might be provided as a result of a same sex marriage under State law. Or, you can elect to apply your same sex marriage law in the context of MassHealth, as long as you separately identify any service and administrative expenditures that result from the difference between your definition of spouse and the DOMA definition and do not submit any claims for FFP for those expenditures.

In addition, you cannot use State law to deprive anyone of Federal entitlements in those programs by considering individuals who would not be spouses under Federal law to be spouses in MassHealth pursuant to State law. For example, under the Medicaid statute, deeming of income and resources is only permitted between spouses as defined by DOMA. Therefore, because same sex couples are not spouses under Federal law, the income and resources of one may not be attributed to the other without actual contribution, i.e. you must not deem income or resources from one to the other.

We would like to meet with you and your staff within the next several weeks to discuss implementation of the *Goodridge* decision and your planned implementation of the new §61 of Chapter 118E of the General Laws. Allen Bryan will be contacting appropriate staff to set up a date and time for a meeting. Besides Mr. Bryan, Nancy Nemon, Irvin Rich, and I will attend.

Please contact Allen Bryan if you have any additional questions before the meeting. He can be reached at (617) 565-1246.

Sincerely,

Richard R. McGreal
Associate Regional Administrator

Enclosure