# Exhibit 3

 

DEPARTMENT OF VETERANS AFFAIRS
Office of the General Counsel
Washington DC 20420

JUN 18 2004

In Reply Refer To: 022

Ms. Joan E. O'Connor
General Counsel
Massachusetts Department of Veterans' Services
600 Washington Street, Suite 1100
Boston, Massachusetts 02111

Dear Ms. O'Connor:

    I am responding to your March 30, 2004, letter to Department of Veterans Affairs (VA) Regional Counsel Edward J. Lukey concerning implementation of the decision of the Supreme Judicial Court of Massachusetts in *Goodridge v. Department of Public Welfare*, 440 Mass. 309 (2003), which generally held that the Massachusetts Constitution protects same-sex marriages. Specifically, your letter asks whether the Massachusetts Department of Veterans' Services (DVS) may bury the same-sex spouse of a veteran in its Agawam or Winchendon state veterans cemetery without losing Federal funding provided under VA's state cemetery grants program. As I explain in greater detail below, we believe VA would be entitled to recapture Federal grant funds provided to DVS for either of those cemeteries should DVS decide to bury the same-sex spouse of a veteran in the cemetery, unless that individual is independently eligible for burial on some basis other than being the spouse of the veteran.

    Section 2408(b)(3) of title 38, United States Code, provides that the United States shall be entitled to recover state cemetery grant funds if a state "ceases to operate [a VA-funded] cemetery as a veterans' cemetery." Congress did not define "veterans' cemetery" in section 2408, but expressly authorized the Secretary of Veterans Affairs to establish regulations governing the conditions for state cemetery grant awards. *See* 38 U.S.C. § 2408(c). Pursuant to this statutory authority, the Secretary promulgated regulations that condition grant eligibility upon operating a cemetery "solely for the interment of veterans, their wives, husbands, surviving spouses, minor children, and unmarried adult children who were physically or mentally disabled and incapable of self-support." *See* 38 C.F.R. § 39.2(a) (2003). VA recently modified its regulations to provide, among other things, that "a State veterans' cemetery must be operated solely for the interment of veterans, their spouses, surviving spouses," and certain children to be eligible for funding under the state cemetery grants program. *See* 38 C.F.R. § 39.5 (2004). Although Part 39 of title 38, Code of Federal Regulations, has never included a definition of the words "wife," "husband," and "spouse," it is clear from their common meaning that those words describe a person who is "married" to a veteran.

2.

Ms. Joan E. O'Connor

Under Federal law, "marriage" does not include being the wife, husband, or spouse of a person of the same sex. Section 7 of title 1, United States Code, provides:

> In determining the meaning of any Act of Congress, or of any ruling, regulation, or interpretation of the various administrative bureaus and agencies of the United States, the word "marriage" means only a legal union between one man and one woman as husband and wife, and the word "spouse" refers only to a person of the opposite sex who is a husband or a wife.

This Federal law governs the Secretary's determination of whether a state cemetery is being operated in accordance with VA regulations. Under former section 39.2(a) and current section 39.5, a state cemetery would not be operated solely for the interment of veterans and their spouses and children if it allowed the interment of a person solely on the basis that the person is recognized under state law as being the same-sex spouse of a veteran. The United States Government would have discretion to invoke the recapture provisions of 38 U.S.C. § 2408(b)(3) should DVS decide to authorize the interment of same-sex spouses at the Agawam or Winchendon cemetery.

While we believe section 2408 would entitle the United States to recapture cemetery-grant funds if a grantee permitted the burial of veterans' same-sex spouses, whether the Government would assert such claims would depend upon the policies of the Executive branch officials in office at the time.

Your letter states that DVS receives VA grants only under the state cemetery grants program. Nonetheless, you ask whether the same-sex spouse of a veteran would be entitled to receive the benefit of any other grants that VA may provide to DVS in the future for the assistance of veterans and their spouses. You should be aware that the *Goodridge* decision might have implications for the Holyoke and Chelsea Soldiers' Homes. VA provides grants to states to assist in the acquisition, construction, and renovation of State veterans' homes. States must verify that not more than 25 percent of a home's residents will be non-veterans to qualify for Federal grant funds. *See* 38 U.S.C. § 8135(a)(4). VA has long interpreted this law as requiring that non-veteran residents of state veterans' homes be either veterans' spouses or parents of certain deceased veterans. Admission of same-sex spouses of veterans would probably not trigger the recapture provision for these grants in 38 U.S.C. § 8136, which authorizes recapture if a home ceases to be operated principally for furnishing care to veterans. However, VA's interpretation of section 8135 would render the Holyoke and Chelsea Soldiers' Homes ineligible for future grants if those homes admitted the same-sex spouses of veterans.

As you know, VA also provides per diem payments to Massachusetts to help defray the cost of hospital, nursing home, and domiciliary care provided to veterans in the Holyoke and Chelsea Soldiers' Homes. State homes must meet the standards prescribed by VA to receive per diem payments. 38 U.S.C. § 1742(a). These

3.

Ms. Joan E. O'Connor

standards require that all non-veteran nursing home residents receiving care in state veterans' homes be either veterans' spouses or parents of certain deceased veterans. See 38 C.F.R. § 51.210(d). VA manual provisions impose the same requirement upon state veterans' home facilities for per diem payments for provision of hospital and domiciliary care. For the reasons described above in our discussion of 1 U.S.C. § 7, the Massachusetts Soldiers' Homes would not satisfy this requirement if they admitted the same-sex spouses of veterans. VA would be required by law to withdraw recognition of the homes and cease paying per diem for the care of veterans in those homes should such admissions occur.

You also ask for our opinion concerning the impact of *Goodridge* on annuities provided to surviving spouses by DVS, which we understand are contingent on a VA finding of service-connected death. Section 2307 of title 38, United States Code, authorizes VA to pay burial and funeral expenses incurred as a result of a veteran's service-connected death "upon the request of the survivors of such veteran." VA has interpreted this statute as authorizing the filing of service-connected burial claims by funeral directors, individuals who used personal funds to pay burial expenses, and executors or administrators of veterans' estates. See 38 C.F.R. § 3.1601(a)(1). Thus, VA's consideration of a claim for service-connected burial benefits is not conditioned upon marriage, and such benefits may be claimed by a person recognized under state law as being the same-sex spouse of a veteran as long as that person used personal funds to pay the veteran's burial expenses or is the executor or administrator of the veteran's estate. Accordingly, VA would make a finding as to whether a veteran's death was service connected in a claim under 38 U.S.C. § 2307 by a same-sex spouse who had paid funeral or burial expenses of a deceased veteran.

In a separate communication with Mr. Lukey, you asked whether the plot allowance that VA pays to states that provide for the interment of certain veterans also applies to the interment of veterans' spouses. Section 2303(b) of title 38, United States Code, authorizes VA to pay a $300 plot or interment allowance to a state that buries a "veteran" without charge for the cost of a plot or interment. VA does not have authority under section 2303(b) to pay the allowance to states for burial of veterans' spouses.

I hope this information is helpful to you.

Sincerely yours,

Tim S. McClain
General Counsel