UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| COMMONWEALTH OF MASSACHUSETTS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No.  09-11156-JLT |
| | * | |
| UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; KATHLEEN SEBELIUS, in her official capacity as the Secretary of the United States Department of Health and Human Services; UNITED STATES DEPARTMENT OF VETERANS AFFAIRS; ERIC K. SHINSEKI, in his official capacity as the Secretary of the United States Department of Veterans Affairs; and the UNITED STATES OF AMERICA, | * * * * * * * * * * | |
| | * | |
| Defendants. | * | |

ORDER

April 22, 2010

TAURO, J.

After reviewing the Parties' written submissions, this court hereby orders that Movant Mark A. Thomas' Motion to Intervene or Motion for Leave to File Amicus Brief [#10] is DENIED.

Mr. Thomas, by this Motion, seeks permission to intervene in this action pursuant to Fed. R. Civ. P. 24(b).  Rule 24(b)(1) provides that "[o]n timely motion, the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact."

Mr. Thomas does not rely on a federal statute in support of his motion to intervene, but instead asserts that "whether homosexual marriage is 'legal' in the Commonwealth [is] a common

question of fact and law to all parties."[1] The Motion, however, is deficient is several respects.

First, despite Mr. Thomas' recitation of the language of Rule 24(b)(1)(B) in support of his argument, this court cannot discern a question of law and fact that is common to all parties. Mr. Thomas, for his part, challenges, on state law grounds, the holding in <u>Goodridge v. Dep't of Pub. Health</u>,[2] the Massachusetts Supreme Judicial Court decision recognizing the validity of same-sex marriage in the Commonwealth. He argues that "<u>Goodridge</u> is wholly unsupported and directly contradicted by <u>The Massachusetts Constitution</u> – the supreme law of the Commonwealth."[3] In this action, however, the Commonwealth seeks an order declaring that Section 3 of the Defense of Marriage Act, 1 U.S.C. § 7, is unconstitutional under the Tenth Amendment and the Spending Clause of the U.S. Constitution as applied in Massachusetts "where state law recognizes marriages between same-sex couples".[4] Unlike Mr. Thomas' Motion, which asserts arguments grounded only in state law, the arguments raised in the Commonwealth's Complaint are premised wholly on federal constitutional law, rendering the litigants' arguments distinct, rather than "common," as Rule 24(b) requires.

Second, permissive intervention is inappropriate here because this Motion does not present an independent jurisdictional basis upon which to allow intervention.[5] As Defendants

---

[1] <u>Mot. to Intervene or Mot. for Leave to File Amicus Brief</u> [#10] at p. 8.

[2] 798 N.E.2d 941 (Mass. 2003).

[3] <u>Mot. to Intervene or Mot. for Leave to File Amicus Brief</u> [#10] at p. 4, ¶ 10 (emphasis in original).

[4] Compl., Prayer for Relief.

[5] <u>See</u> <u>Int'l Paper Co. v. Jay</u>, 887 F.2d 338, 346 (1st Cir. 1989) ("As a general rule, parties entitled to intervention as of right under Rule 24(a) fall within a federal court's ancillary

point out, federal question jurisdiction is lacking because Mr. Thomas relies on state law exclusively. Equally, diversity jurisdiction is lacking under 28 U.S.C. § 1332 because Mr. Thomas is a domiciliary of the Commonwealth of Massachusetts, the Plaintiff in this action, and the Motion does not allege an adequate amount-in-controversy.

It is not necessary for this court to reach the question of the timeliness of this Motion because the Motion does not satisfy the other requirements of Rule 24(b).

Mr. Thomas, by this Motion, also seeks leave to file an amicus curiae brief. The First Circuit has advised that "a district court lacking joint consent of the parties should go slow in accepting, and even slower in inviting, an amicus brief unless, as a party, although short of a right to intervene, the amicus has a special interest that justifies his having a say, or unless the court feels that existing counsel may need supplementing assistance."[6] Both Plaintiff and Defendants have opposed this Motion. Moreover, Mr. Thomas has not articulated a "special interest" in the federal constitutional issues raised by this lawsuit, nor does this court believe that a brief submitted by Mr. Thomas would assist existing counsel in presenting the relevant legal issues. To the extent this Motion requests leave to file an amicus curiae brief, it is therefore also DENIED.

For the foregoing reasons, Mark A. Thomas' <u>Motion for Leave to Intervene and File a Motion to Dismiss</u> [#24] and <u>Motion for Leave to Clarify Motion of September 17, 2009</u> [#15], which raise arguments duplicative of those raised in the <u>Motion to Intervene or Motion for Leave</u>

---

jurisdiction; no independent basis of jurisdiction is, therefore, necessary . . . The general rule is just the opposite, however, for permissive intervention. As this court has previously stated, 'permissive intervention ordinarily must be supported by independent jurisdictional grounds.'") (internal citations omitted).

[6]<u>Strasser v. Doorley</u>, 432 F.2d 567, 569 (1st Cir. 1970).

3

to File Amicus Brief [#10] discussed above, are therefore also DENIED.

IT IS SO ORDERED.

    /s/ Joseph L. Tauro
United States District Judge