UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| COMMONWEALTH OF MASSACHUSETTS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No.  09-11156-JLT |
| | * | |
| UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; KATHLEEN SEBELIUS, in her official capacity as the Secretary of the United States Department of Health and Human Services; UNITED STATES DEPARTMENT OF VETERANS AFFAIRS; ERIC K. SHINSEKI, in his official capacity as the Secretary of the United States Department of Veterans Affairs; and the UNITED STATES OF AMERICA, | * * * * * * * * * * | |
| Defendants. | * | |

ORDER

June 16, 2010

TAURO, J.

After reviewing the relevant written submissions, this court hereby orders that Movant Mark A. Thomas' Motion for Leave to Intervene and Motion to Compel a Ruling [#53][1] is DENIED IN PART and DENIED IN PART AS MOOT.

Proposed Intervenor Mark A. Thomas, by this Motion, seeks to compel this court to rule on his prior Motion to Intervene [#24], requests leave to intervene in this action, and moves for the dismissal of this action with prejudice.

---

[1] The actual title of the Motion is "Leave to Intervene and Filed Motion to Compel Ruling Pursuant to 28 U.S.C.A. § 1652; Rule 24(b) United States Constitution Article IV § and 14th Amendment."

This court already denied the Motion to Intervene [#24] about which Mr. Thomas seeks to compel a ruling, by an Order [#45] entered April 22, 2010. For that reason, to the extent this Motion seeks to compel a ruling on Mr. Thomas' prior attempt to intervene, it is DENIED AS MOOT.

By this Motion, Mr. Thomas also seeks permission to intervene in this action pursuant to Fed. R. Civ. P. 24(b). Even though this Motion states more expansive grounds for intervention than Mr. Thomas' prior Motion to Intervene,[2] the result remains the same: this court cannot detect a cognizable basis for intervention under Rule 24(b). This court is still unable to discern a question of law and fact that is common to all parties, as the claims asserted by Mr. Thomas challenge state action, rather than federal action. Equally, the statute Mr. Thomas purports to rely on in the Motion, 28 U.S.C. § 1652, does not "give[] a conditional right to intervene by a federal statute," as Rule 24(b)(1)(A) requires. In addition, intervention at this late stage in the proceedings would run afoul of Rule 24(b)'s timeliness requirement, as the Parties have already fully briefed and argued dispositive motions on the constitutional issues at the center of the case. For those reasons, to the extent this Motion requests leave to intervene in this action, it is DENIED IN PART.

Finally, as this court has denied both Mr. Thomas' requests to intervene in this action, by this Order and by an Order [#45] dated April 22, 2010, this court cannot consider Mr. Thomas'

---

[2]Mr. Thomas' first Motion to Intervene challenged, on state law grounds, the holding in Goodridge v. Dep't of Pub. Health, 798 N.E.2d 941 (Mass. 2003); by this Motion, in addition to the arguments presented in his prior motion, Mr. Thomas disputes the authority of the Attorney General of Massachusetts to file this lawsuit against the United States, Mot. to Intervene [#53] at 2-3, and argues that the Commonwealth is violating the Fourteenth Amendment rights of its citizens, id. at 3.

request to dismiss this action because, as a non-party, he lacks standing to bring such a motion. Thus, to the extent this Motion seeks dismissal of the Commonwealth's claims with prejudice, it is DENIED IN PART.

IT IS SO ORDERED.

                                                                                 /s/ Joseph L. Tauro
                                                              United States District Judge