UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BOSTON, MASSACHUSETTS

| | | |
|---|---|---|
| COMMONWEALTH OF MASSACHUSETTS | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| | ) | |
| v. | ) | CASE NUMBER |
| | ) | 09-CV-11156 JLT |
| | ) | |
| | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| HEALTH AND HUMAN SERVICES, ET AL | ) | |
| *Defendant.* | | |

**LEAVE TO INTERVENE**
*and*
**FILE MOTION TO AMEND, REVISE OR VACATE JUDGMENT**
**Pursuant To Rule 24(b); Rule 59(e)**
*and*
**14TH AMENDMENT DUE PROCESS CLAUSE**

JULY 19, 2010

MARK A. THOMAS (Pro Se),
INTERVENOR-APPLICANT
482 BEACON STREET
BOSTON, MA 02115
(617) 267-2859

Commonwealth of Massachusetts v. United States Department of Health and Human Services et al.
Case Number: 09-CV-11156 JLT
Leave to Intervene and File Motion to Amend, Revise or Vacate Judgment – Rule 59(e)

**NOW COMES** the Intervenor-Applicant, Mark A. Thomas, before this Honorable District Court and moves this Court for an ORDER granting Applicant <u>Leave To Intervene</u> under Rule 24(b) and File a Motion under Rule 59(e) to AMEND, REVISE or VACATE this Court's JUDGMENT entered July 9, 2010, in order to correct a manifest error of law(s). In support of this Motion, Applicant states the following:

### Introduction

This Court issued Summary Judgment in favor of the Commonwealth in the above-referenced matter (*"DOMA-1"*). According to this 1st Circuit, Summary Judgment may only be granted, *"if there is no genuine issue or material fact in dispute...and if such fact(s) have no potential to determine the outcome of litigation."* Prescott v. Higgins, 538 F.3d 32, 40 (1st Cir. 2008) There *are*, indeed, material facts in dispute with great potential to determine the outcome of litigation and this Court <u>must</u> view this movant's claims in a light most favorable to his pleadings. See *Prescott*. Moreover, this Court is authorized to receive and approve a Rule 24(b) post-judgment Motion to Intervene.[1] Disputed Facts and Law:

      A. The Federal District Court (Tauro, J.) did not perform a *"Glucksberg analysis"*[2] to correctly describe the nature of the constitutional right(s) claimed by the Commonwealth. This case is not about marriage. The United States Congress <u>did</u> <u>not</u> regulate marriage in the Commonwealth. Nor did the Congress interfere with the Commonwealth's ***lawful*** right to

---

[1] See: *United Airlines v. McDonald*, 432 U.S. 385, 391-96 (1977) (Reversed denial of 24(b) motion)
[2] See: *Washington v. Glucksberg*, 521 U.S. 702, 720-21 (1997)

Commonwealth of Massachusetts v. United States Department of Health and Human Services et al.
Case Number: 09-CV-11156 JLT
Leave to Intervene and File Motion to Amend, Revise or Vacate Judgment – Rule 59(e)

regulate marriage. This case is purely and concisely about the practice of homosexuality in the Commonwealth. The Congress played no role in this. See also *Reno v. Flores*, 507 U.S. 292 (1993).

B. The Plaintiff, Martha Coakley for the Commonwealth under Massachusetts or Federal law, did not possess any authority to file this lawsuit, sue The United States and overturn an Act of Congress [DOMA]. Coakley did not demonstrate to this Court, or to the citizens of the Commonwealth, that Coakley possessed such authority. The Judgment and record is devoid of any such evidence. The Applicant has explicitly pointed this out to the Court - to no avail and the Court utterly failed to make findings of fact and conclusions of law in this "disputed issue."[3]

C. The *Goodridge* ruling,[4] on which this Court and the Commonwealth rely heavily, is a false and corrupt judicial decision, and in all respects contrary to the letter and spirit of the *Massachusetts Constitution* and Supreme Judicial Court rulings thereto.

D. If Intervenor-Applicant's assertions concerning *Goodridge* are valid and true, as a matter of law, *Goodridge* must be, and is overruled and reversed, THEN, the Commonwealth's case is null and void and must be dismissed.

---

[3] The Attorney General's and District Court's silence on this matter is deeply troubling. Such silence appears not only prejudicial to the movant, but to citizens of the Commonwealth and the United States.

Commonwealth of Massachusetts v. United States Department of Health and Human Services et al.
Case Number: 09-CV-11156 JLT
Leave to Intervene and File Motion to Amend, Revise or Vacate Judgment – Rule 59(e)

    E. By stating, "there is no genuine issue of material fact in dispute," this Federal Court, together with Chief Justice Marshall and Attorney General Martha Coakley would attempt to deceive the prospective independent bodies of review. Those authorities being: The United States Congress; The U.S. Court of Appeals; and U.S. Supreme Court. As Massachusetts lawyers, Tauro, Marshall and Coakley are bound, under Oath,[5] to prevent this *"falsehood"*. See *Pickford v. Talbot*, 225 U.S. 657, 658 (1911)

1) The Preamble of the *Constitution of Massachusetts* states this: *"The end of the institution, maintenance and administration of government, is to secure the existence of the body-politic, to protect it, and to furnish the individuals who compose it, with power of enjoying in safety and tranquility **their natural rights** and the blessings of life: And whenever these great objects are not obtained, the people have a right to alter the government, and to take measures necessary for their safety, prosperity and happiness...and the whole people covenants with each Citizen, and each Citizen with the whole people, that **all shall be governed by certain Laws** for the Common good."* [Emphasis added].

2) The 106th Article of Amendment to the *Constitution of Massachusetts* (the "liberty and equal protection clause") states this: *"All people are born free and equal and have **certain natural, essential and unalienable rights;** among which*

---

[4] *Goodridge v. Dept of Public Health*, 798 N.E.2d 941, 440 Mass. 309 (Mass. 2003)

Commonwealth of Massachusetts v. United States Department of Health and Human Services et al.
Case Number: 09-CV-11156 JLT
Leave to Intervene and File Motion to Amend, Revise or Vacate Judgment – Rule 59(e)

> *maybe reckoned the right of enjoying and defending their lives and liberties; that of acquiring, possessing and protecting property; in fine, that of seeking and obtaining their safety and happiness. Equality <u>under</u> <u>the</u> <u>law</u>, shall not be denied or abridged because of sex, race, color, creed or national origin."*

3) The United States Supreme Court in the ruling <u>*Washington v. Glucksberg*</u>, 521 U.S. 702, 720-21 (1997), decided and asserted, that a fundamental constitutional right protected by the 5th and 14th Amendments is one that is, *"objectively, deeply rooted in this Nation's history and tradition, implicit in the concept of ordered liberty."*

4) The fundamental and constitutional "right to marry" is both noted <u>and</u> protected in the Commonwealth of Massachusetts, and the United States by their respective <u>*Preambles*</u> and <u>*Constitution*</u>.

5) The Supreme Court in <u>*Glucksberg*</u> has directed Federal Courts [and implicitly, state courts] to reach a *"careful description"* of a purported right before determining whether such "claimed" right is: fundamental.

6) The Massachusetts Supreme Judicial Court has declared, *"The people themselves and all branches of government, Legislative, Executive, Judiciary alike, are bound by the [Massachusetts] Constitution and owe to it implicit obedience."* ('Implicit' meaning, unquestioning). <u>*Sears v. Treasurer & Receiver General*</u> 98 N.E.2d 621 (Mass. 1951)

7) The Massachusetts Supreme Court further decreed, *"A written Constitution is the*

---

[5] See M.G.L. 221 § 38 Massachusetts Lawyers' Oath of Office. *"I do solemnly swear to  no falsehood, nor consent to the doing of any in Court...So help me God."*

Commonwealth of Massachusetts v. United States Department of Health and Human Services et al.
Case Number: 09-CV-11156 JLT
Leave to Intervene and File Motion to Amend, Revise or Vacate Judgment – Rule 59(e)

*fundamental law for the government of a sovereign State. It is the final statement of the rights, privileges and obligations of the citizens and the ultimate grant of the powers and the conclusive definition of the limitations of the departments of State and public officers...To its provisions the conduct of all governmental affairs* **must** *conform. From its terms, there is no appeal,"* Loring v. Young, 239 Mass. 349, 376-77 (1921).

8) Finally, the Massachusetts Supreme Court clarified this: *"No grant of power or limitation thereon is to be found in the [Massachusetts] Preamble that is not embodied in the provisions of the Constitution."* In Re Opinion of the Justices, 22 N.E.2d 49, 57 (Mass. 1939)

9) Same-sex couples[6] [two men, or two women] are, *necessarily*, engaged in the practice of homosexuality.

10) Beyond *any* factual or legal dispute, none of the above Federal and State grants of authority, provide or enumerate *any* constitutionally protected right to: **engage in the practice of homosexuality** [*same-sex couples*] **and have that conduct elevated to, and solemnized as 'marriage.'**

11) Chief Justice Marshall; Attorney General Coakley; and Judge Tauro - as trained lawyers, Judges and senior public officials - have recognized no limits on *their* powers of governance in the matter of marriage, and have acted in open

---

[6] Perhaps Marshall and Coakley will explain to the U.S. Supreme Court, in proving their governmental and judicial impartiality, why *they* refer – so warm and fuzzy - to those who practice and engage in homosexual acts as merely, 'same-sex couples.' They even clear the streets for hours at a time when these 'same-sex couples' march in indescribable stages of undress as an expression of **Pride**. Yet, when citizens, who in good faith, oppose this belligerent homosexuality, (and not without reason), and publicly express this opposition by "deeply-rooted constitutional rights," *Glucksberg* 521 U.S. at 720-21, these citizens are

Commonwealth of Massachusetts v. United States Department of Health and Human Services et al.
Case Number: 09-CV-11156 JLT
Leave to Intervene and File Motion to Amend, Revise or Vacate Judgment – Rule 59(e)

contravention of long-standing state and federal laws...to the contempt of such

laws. The question is why?

12) Chief Justice **Margaret Marshall** decided the _Goodridge_ case 798 N.E.2d 941

(Mass. 2003). Attorney General **Martha Coakley** filed this lawsuit 09-CV-11156

JLT and sued the United States of America. Judge **Joseph Tauro** decided the case

_Largess v. SJC_ 317 F.Supp.2d 77 (D. Mass. 2004), _affm'd_ 373 F.3d 219 (1st Cir

2004), _cert. denied._

13) In their intense zeal and bias, Marshall, Coakley and Tauro have dishonestly and

falsely combined the fundamental, acknowledged 'right to marry,' with the human

conduct of homosexuality...transforming marriage into their own _"personal policy_

_preferences."_

14) In _DOMA-1_, Judge Tauro stated that _Goodridge_ _"held that excluding same sex_

_couples from marriage violates the equality and liberty provisions of the_

_Massachusetts Constitution." DOMA-1_ at 7. This is a false conclusion. A careful

and objective analysis of _Goodridge_ that fully includes **all** apposite Articles of the

_Massachusetts Constitution_; an interpretation of the _Massachusetts Constitution_

as a complete harmonious unit; an **impartial** "rational review exercise; and **all**

apposite Massachusetts Supreme Judicial Court decisions would - and must - lead

to a wholly different result. That conclusion would find the _Massachusetts_

_Constitution_ neither permits nor mandates, "the practice of homosexuality

elevated to, and solemnized as marriage." Nor were the liberty provisions or equal

---

labeled as bigoted, prejudiced and hateful. See ¶ 21 _infra_. Movant does not suggest rudeness or lack of
charity is his approach, just "a careful description," of the conduct as _Glucksberg_ strongly mandates.

Commonwealth of Massachusetts v. United States Department of Health and Human Services et al.
Case Number: 09-CV-11156 JLT
Leave to Intervene and File Motion to Amend, Revise or Vacate Judgment – Rule 59(e)

protection clauses - animated *"under the law"* - violated by restricting marriage to

" a man and a woman."

15) Coakley and Tauro have accused The United States Congress of "regulating

marriage" - the exclusive dominion of States - and encroaching on the 10th

Amendment. This is incorrect.

*16)* The "right to marry" is a fundamental and constitutional right. Practicing

homosexuality [*"same-sex couples"*] is not recognized as a desirable or

fundamental 'right.' The norm of marriage *and* the function of homosexuality are

not compatible with each other since homosexual couples are fully and entirely

dependent upon heterosexual couples for the formers' existence.

*17)* The U.S. Congress did not violate the 10th Amendment and "regulate marriage."

Congress merely *"defended marriage,"* and severed the practice of

homosexuality, from marriage, then codified such action, which was *"necessary*

*and proper for the general welfare and Defense of the United States."* See Article

I, § 8, cl. 1& 18. Merely using the word "marriage" in a statute,[7] without more, is

not regulating it. DOMA neither regulates, alters nor restricts conduct

*"objectively, deeply rooted in this Nation's history and tradition, implicit in the*

*concept of ordered liberty."*[8] The practice of homosexuality is not protected by the

---

[7] See Title 1 U.S.C. A. § 7

[8] Accord, *U.S. v. Butler*, 297 U.S. 1, 62 (1936) and *Washington v. Glucksberg*, 521 U.S. 702, 720-21 (1997) as the absolute necessity of describing the 'claimed right.' The State cannot claim exclusive domain under the 10th amendment to regulate conduct under the guise it is regulating and protecting "a fundamental, deeply-rooted right." The practice of homosexuality is no fundamental "right to marry." 427 members of Congress (79%) may rightly and rationally conclude, as a non-regulatory act of marriage, that the practice of homosexuality, known throughout centuries of history, as being extremely inimical and antithetical to the flourishing of the human civilization, be preemptively severed from the fundamental 'right to marry,' for the Common Good and just survival of the United States of America. Which, as Chief Justice Marshall

Commonwealth of Massachusetts v. United States Department of Health and Human Services et al.
Case Number: 09-CV-11156 JLT
Leave to Intervene and File Motion to Amend, Revise or Vacate Judgment – Rule 59(e)

10th Amendment.[9]

18) If this District Court see fit to conclude that the U.S. Congress violated the 10th Amendment, then Tauro, Marshall and Coakley ***must*** stand to answer the charge: that they individually and collectively violated this movant's **9th Amendment** rights whereby they *"denied and disparaged other [rights] retained by the people."* The Applicant's 1st Amendment right *"to petition the Government for a redress of grievances"* has been extinguished along with the right to the honest, truthful and law-abiding services of senior government officials not abusing their power, guaranteed by the 14th Amendment Due Process Clause and the Guarantee Clause, *"implicit in the concept of ordered liberty."*

19) In *Goodridge*,[10] Chief Justice Marshall seized upon (2) words from the *Massachusetts Constitution* - *sex*, and *equality* - then, dishonestly and unlawfully undertook a "rational basis review" of a purported constitutional right, brushing aside every guideline from *Heller v. Doe* and *Washington v. Glucksberg*. Marshall ignored the spirit and intent of all Massachusetts' rulings expounding elements of this "rational basis review." See Argument.

20) In *Goodridge*, Chief Justice Marshall willfully and dishonestly omitted **10-12 Articles** of the *Massachusetts Constitution* and **3** standards of review - all of

---

decreed, [sic] *"leav[es] intact the* [State's] *broad power to regulate marriage,"* under the 10th Amendment. See *Goodridge*, 798 N.E.2d at 969. *Glucksberg*, correctly concludes, that as here, the Judiciary has placed *"the matter outside the arena of public debate and legislative action…subtly transformed into the personal policy preferences"* of the judicial branch. But to choke off robust legislative and citizen debate can only be what Justice Marshall, Judge Tauro and AG Coakley desire, as 'custodians of democracy and constitutional rights.'

[9] Neither *Lawrence v. Texas*, nor *Cook v. Gates*, remotely announce 10th Amendment protection
[10] See Massachusetts Constitution, 106th Amendment Art. and *Goodridge*, 798 N.E.2d at 960-969, generally

Commonwealth of Massachusetts v. United States Department of Health and Human Services et al.
Case Number: 09-CV-11156 JLT
Leave to Intervene and File Motion to Amend, Revise or Vacate Judgment – Rule 59(e)

which severely constrained and prohibited the result reached in *Goodridge*. This totals **15** critical points of law. In addition, no fewer than **12** judicial rulings from Massachusetts and **2** judicial rulings from the United States jurisdictions were omitted from *Goodridge*, **because** they were adverse to Marshall's transgressions. (See Argument).

21) The 106th Amendment to the *Massachusetts Constitution* states *"Equality under the law shall not be denied or abridged because of ...creed..."* In *Goodridge*, Chief Justice Marshall asserted[11] that citizens who oppose 'homosexual marriage' have beliefs *"rooted in persistent prejudices against persons who are homosexual."* at 968. On May 11, 2007 in a speech to Gay and Lesbian **lawyers** that became public, Martha Coakley declared,[12] of citizens who oppose 'homosexual marriage' and would exercise their **rights** to pass a constitutional amendment: *"...end this debate once and for all. We cannot allow hate to occupy any legal space in Massachusetts. We cannot legislate hate away, but we can hold those accountable who act on it..."*

22) In *Largess*, Judge Tauro willingly condoned the unlawful actions of Chief Justice Marshall in regulating marriage and reformulating its definition.[13] Tauro made false and reckless findings' in *Largess*. Tauro *now* rules that Congress has exceeded its authority in DOMA - by merely separating homosexuality from marriage. Tauro is hoist by his own petard and demonstrates serious flaws - if not

---

[11] *Goodridge*, 798 N.E.2d at 968
[12] See *Boston Globe* May 12, 2007
[13] *Largess v. SJC* 317 F.Supp.2d at 83-84 (note the extreme absence of any supporting legal citations)

Commonwealth of Massachusetts v. United States Department of Health and Human Services et al.
Case Number: 09-CV-11156 JLT
Leave to Intervene and File Motion to Amend, Revise or Vacate Judgment – Rule 59(e)

bias - in his judicial reasoning and conduct.[14]

23) When the movant states that the Court in *Largess* made false statements of fact and law, this is understood to mean that the Federal Court (Tauro, J.) compiled, in *Largess* 317 F.Supp.2d at 83-84 a body of words, syntax and sentences that fully misrepresented Articles of the *Massachusetts Constitution*; that also, inexplicably contradicted early, conclusive, long-held and continuing rulings of the SJC; that by building a "block work" of false sentences over 4-5 paragraphs, the Court could "guide" the reader to a false ultimate conclusion; that the Court omitted citations **because** there *were* no such legal citations available to support the Court's words and sentences; that by deliberately omitting supporting legal citations from his syntax, the intent of the Court, would have a reader believe that such Judicial conclusions are true "findings," when, in fact, such words and syntax were made in reckless disregard of the truth; the Court made false statements of fact and law in order to support the "integrity" of *Goodridge* when this Applicant has stated in **Claim B**, supra, that the facts, law and ruling in *Goodridge* were, themselves, false and fraudulent. Finally, the District Court made reckless statements of fact and law, knowing the 1st Circuit Appeals Court would likely, rely on and consider, such statements.[15] Such conduct, by a United States Federal Judge, is wholly incompatible with the impartiality and integrity required to overturn an Act of the Congress.

---

[14] It is difficult to imagine how Judge Tauro might explain to an appellate court, or Congress, how his juxtaposition of judicial rulings might be construed as: fully correct, impartial and satisfying justice.
[15] *Largess*, on appeal, 373 F.3d 219 (1st Cir.) at n.7 expressly refused to consider these 'findings' and indicated clear disapproval at what the District Court had done. The Supreme Court denied certiorari.

Commonwealth of Massachusetts v. United States Department of Health and Human Services et al.
Case Number: 09-CV-11156 JLT
Leave to Intervene and File Motion to Amend, Revise or Vacate Judgment – Rule 59(e)

24) In _Largess_; _Goodridge_; and _DOMA-1_ (here), **neither** Marshall, Coakley **or** Tauro - consistent with their biased governmental dispositions - fully discussed the practice of homosexuality; ordered an independent, objective 'report' on the subject; <u>or</u> made findings of fact and conclusions of law, so as to be in full compliance with the laws of both the Massachusetts and United States Constitutions.[16]

25) In the absence of the above necessary and impartial judicial exercise of inquiry, it is inconceivable - quite beyond reason - to believe that the above _Largess;_ _Goodridge or DOMA1_ rulings can possess any factual or legal validity as "instruments of the law."

### Intervention Under Rule 24(b)

26) The movant presents a timely, post-judgment Motion to Intervene in this matter because there are material issues of fact and law in dispute as this Motion demonstrates; such facts and law are common to all parties and need to be properly framed to this Court and any appellate Court; The Court's and parties refusal to address these Federal questions provides an independent source of jurisdiction to movant; because 7 years of active involvement in this marriage

---

[16] To movant's knowledge, neither Chief Justice Marshall, Judge Tauro or AG Coakley have ever ordered a comprehensive and objective study/report or made findings of fact and conclusions of law on the history, practices, nuances and consequences of the centuries-old subject of **homosexuality**. Such a document has never been disseminated to the public. This doesn't square with the fundamental due process requirement of "an opportunity to be heard, in a fair and meaningful way, by an impartial tribunal." See _Marshall v. Jerrico_, 446 U.S. 238,242 (1980); _Mathews v. Eldridge_, 424 U.S. 319 (1976) Nor does it fit with Justice Stevens' warning, _"Thus, the word "rational" - for me at least - includes elements of legitimacy and neutrality that must always characterize the performance of the sovereign duty to govern impartiality."_ _Cleburne v. Cleburne Living Ctr., Inc._, 473 U.S. 432, 452 (1985), Stevens, J., concurring

Commonwealth of Massachusetts v. United States Department of Health and Human Services et al.
Case Number: 09-CV-11156 JLT
Leave to Intervene and File Motion to Amend, Revise or Vacate Judgment – Rule 59(e)

issue has established movant's undeniable interest and such interests are being

inadequately represented by the parties in this case; and correcting manifest errors

of law through a Rule 59(e) Motion works no prejudice to any of the parties, since

all are obliged by ethics and Oath to see justice done in Federal Courts.

## Amending a Judgment Rule 59(e)

This Motion is timely as a matter of fact and law, the judgment having been

entered on July 9, 2010 and this date of filing and service is Monday July 19, 2010, it

being the 10th day. By his pleadings above and subsequent Argument, it is clear

Intervenor-Applicant-Movant seeks to correct a manifest error(s) of law occurring under

this Judgment, which remain uncorrected – despite the possible involvement of an

appellate court – because neither the Court, the Commonwealth nor the United States

have preserved them to, in any way be reviewed.[17]

---

[17] The Federal Court and the United States may have already erred, here, as a matter of law. Both the Commonwealth and United States have publicly stated they both desire the repeal of DOMA, 1 U.S.C.A. § 7, thereby – **clearly and factually** - presenting, here, no live case or controversy between the parties, thus divesting this Court of jurisdiction to hear and decide this case under the long-held CASE OR CONTROVERSY DOCTRINE. The United States has stated in its Motion to Dismiss (at p.1, n.1) that "subsequent administrations will faithfully defend laws with which they may disagree on policy grounds." However, all the United States has offered to do *here*, in wishing to have DOMA repealed, is to make *"reasonable arguments…in support of [its] constitutionally."* Id. That effort, in no wise, can be construed as zealously representing one's client (ultimately 300 million citizens), as ethical requirements demand of all lawyers, sworn before state and federal bars. **Judge Tauro, in effect, has given an 'advisory opinion.'** At the very minimum the United States should have considered appointing outside, independent counsel to vigorously defend this lawsuit consistent with ethical standards that are not burdened with the real and apparent conflict of interest of, "wishing to '**throw the game**' to your opponents." A Moot Court?

Commonwealth of Massachusetts v. United States Department of Health and Human Services et al.
Case Number: 09-CV-11156 JLT
Leave to Intervene and File Motion to Amend, Revise or Vacate Judgment – Rule 59(e)

**WHEREFORE**, and for good cause shown and with the inherent authority of this Court to act under Article III, together with Rule 24(b); Rule 59(e); the 14th Amendment Due Process Clause, proposed movant-intervenor-applicant prays for relief as follows:

1. That this Court grant movant-intervenor-applicant **LEAVE TO INTERVENE** and file this Rule 59(e) Motion with further prayers for relief as follows:

2. That this Court **VACATE** the Summary Judgment entered July 9th 2010 owing to an error of [Summary Judgment and other] law, as there material and disputed facts and law present, and perform the following exercises of review including **REVISING** and **AMENDING**:

3. That this Court, as previously requested, make findings of fact and conclusions of law under Rule 52 as whether under Massachusetts and federal law, Attorney General Martha Coakley has full constitutional and statutory authority to file this lawsuit 09-CV-11156 JLT;

4. That this Court rule, according to facts and law under a hearing, whether there is a true a "Case or Controversy" here as between the parties, nullifying this Court's Article III jurisdiction to hear and decide this case. See footnote 17, supra.

5. That this Court perform a *"Glucksberg"* review and by "careful description" determine whether the U.S. Congress did, in fact, regulate marriage in the Commonwealth –OR did the Congress merely regulate and separate the practice of homosexuality *from* marriage.

6. That this Court review the *Goodridge* decision for **fraud and manifest error** and in respect to its findings in *Largess v. SJC*, 317 F.Supp.2d 77 (D. Mass. 2004) and in respect to movant's Substantial Offer of Proof in Argument, whether Goodridge *"rests on an adequate and independent grounds,"* not intending to defraud or evade the federal law.

7. That this Court, and by agreement of the parties and proposed movant, after framing and condensing the issues, agree to request from the Unites States Supreme Court, a *Writ of Certiorari* to this Court to decide these issues with

Commonwealth of Massachusetts v. United States Department of Health and Human Services et al.
Case Number: 09-CV-11156 JLT
Leave to Intervene and File Motion to Amend, Revise or Vacate Judgment – Rule 59(e)

finality.

8.  That this Court grant such other relief as it may deem just and proper in this
matter including any hearings necessary

Respectfully Submitted,

JULY 19, 2010

MARK A. THOMAS (Pro Se),
MOVANT-APPLICANT
482 BEACON STREET
BOSTON, MA 02115
(617) 267-2859

The applicant hereby certifies that he has made service upon the parties in this case: the
Attorney General of the Commonwealth; and the U.S. Department of Justice - in Boston
and Washington, D.C., by regular mail or hand-delivery.

Attorney General Martha Coakley, Esq. - Commonwealth of Massachusetts
Maura T. Healey, Esq. - Commonwealth of Massachusetts
Jonathan B. Miller, Esq. - Commonwealth of Massachusetts
Carmen Ortiz, Esq. United States Attorney - Boston, MA
Christopher R. Hall, Esq. - U.S. Department of Justice, Washington, D.C.

CC:     Chief Justice Margaret Marshall – Massachusetts SJC
        Associate Justice Francis Spina – Massachusetts SJC

Commonwealth of Massachusetts v. United States Department of Health and Human Services et al.
Case Number: 09-CV-11156 JLT
Argument in Support of Rule 24(b) and Rule 59(e) Motions

## ARGUMENT

### A. The Necessity of the Movant to Permissively

### Intervene Here Under Rule 24(b)

The Movant recites the following reasons and conditions why it is necessary and proper

for the Court to permit Movant to Intervene under Rule 24(b):

a) This Court has authority under Rule 24(b) to approve a timely motion to
   Intervene, even under post-judgment conditions. This motion is timely under the
   intents and purposes of Rule 59(e). See *United Airlines v. McDonald*, 432 U.S.
   385, 391-96 (1977).

b) There are questions of law and fact common to all parties which have been
   enumerated throughout the body of the Motion and this Argument, including but
   not limited to:

   i)      The issue of **"true"** Summary Judgment

   ii)     The authority of the Attorney General to file suit

   iii)    The "Case or Controversy Doctrine"

   iv)     Whether Congress has, **in fact**, regulated marriage
           in the Commonwealth, or rather has Congress
           merely regulated the practice of homosexuality?

   v)      Whether *Goodridge* is so invalid as to be declared
           "null and void" as a judicial ruling, nullifying the
           Commonwealth's claim of federal deprivations to
           its citizens.

c) Movant has cited the substantial likelihood of grave errors of law, 'fraud on the
   court' and a miscarriage of justice as explicated in Claims **A – E** in his Motion.
   Without movant's intervention, neither this Court – or the parties have exhibited
   any inclination, *whatever*, to either contemplate or correct these errors of law.

Commonwealth of Massachusetts v. United States Department of Health and Human Services et al.
Case Number: 09-CV-11156 JLT
Argument in Support of Rule 24(b) and Rule 59(e) Motions

This indisputable fact serves as movant's independent ground of jurisdiction. See
_Int'l Paper Co. v. Jay_, 887 F.2d 338, 346 (1st Cir. 1989)

d) There can be no protest of prejudice from either party, because by definition and
logic, a Rule 59(e) Motion seeks to correct, _"manifest and grave errors of law,"_
an objective that is, at once, desirable, _common_ and obligatory for the Court, as
well as, the parties. See _Hill v. Western Electric Co._, 672 F.2d 381, 385-86 (4th
Cir.1982). This is, also, an independent, jurisdictional ground.

e) It is sure that movant's interests are well-defined. He has been involved in this
_DOMA-1_ case since inception and with _Goodridge_ since 2003[1]. That is 7 years of
good-faith work and effort _"to petition his government for redress of grievances."_
Moreover, it is certain that Judicial authority – not citizens,[2] where all power is
sourced[3] – have made all unilateral decisions as to introducing and mandating
"that the practice of homosexuality be defined and solemnized as marriage, in the
Commonwealth." Since the Court, the Commonwealth and the United States have
made it clear, they desire the repeal of DOMA, and support _Goodridge_,[4] the
movant's interests, as either citizen or "proposed Intervenor," are not – in any

---

[1] See movant's Affidavit.

[2] Any bald suggestion by this Court or the Commonwealth, that the Massachusetts Legislature rejected,
clean and outright, a citizens petition for a Constitutional Amendment, so that "justice was served," is false
and misleading. Various accurate media reports and Federal Court records will prove that corruption and
misconduct, of varying degrees, played a role. _First_, AG Martha Coakley, while the petition was pending,
announced she would intensely _challenge_ any successful Amendment, poisoning the process and using the
"formidable powers" of her office. Neither the _Constitution_ nor attorney ethics was left unscathed by our
dear Martha. See _Boston Globe_, 5/12/2007. _Second_, Governor Patrick pressured the Legislature, to "do
whatever you have to do, to get rid of this" and lobbied numerous general court members, by offering his
personal services in exchange for their "changing their vote" – quite a dubious exercise by _our_ Governor.
See various media reports in June and July 2007. _Third_, Senate President Murray along with Speaker
DiMasi and Senator Dianne Wilkerson, wielded insurmountable and secret power in shepherding general
court members to "vote against" bringing the Amendment to a citizens vote. God only knows what deals
and promises were exchanged. But this much _is_ known: shortly thereafter, Speaker DiMasi and Senator
Wilkerson were indicted in Federal Court in Boston for acts of corruption. Wilkerson has pled guilty;
DiMasi is to stand trial. (See Massachusetts Federal Court records).

[3] See _Massachusetts Constitution_, Articles IV, V and VII See also 10th Amendment to _U.S. Constitution_:
_"powers reserved to the States, respectively or to the people."_

[4] The United States District Court, Judge Tauro, may take judicial notice of these incontrovertible facts.

Commonwealth of Massachusetts v. United States Department of Health and Human Services et al.
Case Number: 09-CV-11156 JLT
Argument in Support of Rule 24(b) and Rule 59(e) Motions

wise – being *adequately represented*. The possibility or appearance of **collusion** is not too strong a description. See *Sanguine LTD v. U.S Dept of Interior*, 736 F. 2d 1416, 1418-20 (10th Cir. 1984) (collusion, inadequate representation)

f)   It might well appear to an independent authority or Appeals Court that this Court is obstructing justice by refusing to fairly hear or decide movant's claims "on the merits." The Court's reckless findings in *Largess*, 317 F.Supp.2d 77, 83-84 about the legal authority of the Chief Justice in *Goodridge*; the validity of *Goodridge* itself; and the Commonwealth's claim that Congress has violated its' citizens rights are deeply disturbing legal events.

g)   As a matter of prospective logic, viewed in the light most favorable to movant's claims, and taken as true, neither Chief Justice Roberts, Justice Scalia, Justice Thomas (no relation) nor Justice Alito would approve or tolerate this judicial or public behavior and would readily grant a *Writ of Certiorari*[5] to this Court to decide the entire matter including this narrow question: **"May an obviously fraudulent State Court decision be used to overturn an Act of the U.S. Congress? Or, is the door forever closed?**

There is a latent federal question here, because, actions of State Officials are embraced within the meaning of the 14th Amendment Due Process Clause[6]. This speaks in great measure to the *'Michigan Rule,'*[7] whereby a state court decision must rest on "adequate and independent state grounds" - amplified and affirmed – by a plain statement. Allegations of *substantial errors of law, in a state decision, amounting to fraud in Federal Court and seeking to invalidate a federal statute*, with national import, would not serve as, "adequate and independent state grounds." [8]

---

[5] Movant is only offering an opinion on how Certiorari *might* be granted and by whom, since 4 are needed.
[6] *Shelly v. Kraemer*, 334 U.S. 1 (1948)
[7] See *Michigan v. Long*, 463 U.S. 1032, 1040-42 (1983) and many *post* and *ante* associated cases.
[8] This fact and underlying issues provide an obvious federal question along with the requisite independent source of jurisdiction. Moreover, agreed or not by this Court and the parties, if for no other reason than

Commonwealth of Massachusetts v. United States Department of Health and Human Services et al.
Case Number: 09-CV-11156 JLT
Argument in Support of Rule 24(b) and Rule 59(e) Motions

**Wherefore**, the movant believes and respectfully argues, that it would be extreme and egregious abuse of discretion to deny the movant Leave to Intervene in this matter.

## B.  The Authority of the Attorney General

## Of the Commonwealth of Massachusetts to File this Lawsuit,

## And Sue The United States of America [9]

The movant incorporates, by reference, his numerous Motions to this Federal District Court, explicitly pointing out where and how the Attorney General lacked authority to file this lawsuit. The movant relies on the honesty ethics, and Oaths of Office of the Court and various parties as to the Attorney General's veracity and transparency in filing this lawsuit and whether the Court met its obligation under the law and Judicial Code of Conduct by refusing to make findings of fact and conclusions of law as to the Attorney General's authority. The movant further relies on the Appellate Courts to further assess the good faith of the Court and the Attorney General.

There remains, however, contrary to principles of Summary Judgment, a significant dispute of facts and law as to the Attorney General's authority to file this suit, thereby negating this Court's authority to dispose of this matter by Summary Judgment.

## C.  A SUBSTANTIAL OFFER OF PROOF AS TO

## WHY '*GOODRIDGE*' MUST BE REVERSED

**I.** There is a rational reason and a rational basis with a legitimate State interest to restrict marriage to a "man and a woman, " in the Commonwealth of Massachusetts.

    **A.** The *Massachusetts Constitution* must be adhered to. Chapter VI, Article VI says this:

---

Oath and ethics, this (and others) provides a common question of fact and law to all parties. Stated otherwise: Can this Court dispose of this matter on other grounds? **No.** Not without an act of either fraud or misconduct.

[9] This is another source of independent jurisdiction, as well as reason to reverse Summary Judgment.

Commonwealth of Massachusetts v. United States Department of Health and Human Services et al.
Case Number: 09-CV-11156 JLT
Argument in Support of Rule 24(b) and Rule 59(e) Motions

> *"All laws which have heretofore been adopted, used and approved in the Province, Colony or State of Massachusetts Bay, and usually practiced on in the courts of law, **shall still remain and be in full force**, until altered or repealed by the Legislature; such parts only excepted as are repugnant to the rights and liberties contained in this Constitution."*

This is a clear directive, in 1780, by the Framers[10], to all parties and branches of

government, that marriage, as a man and a woman, and the fundamental 'right to marry'

was to remain in *"full force unless repealed by the Legislature."* Going forward to 2003

and Justice Marshall being under Oath, Article XVIII further says:

> *A frequent recurrence to the fundamental principles of the constitution and a constant adherence to those of piety, justice, moderation, temperance, industry, and frugality are absolutely necessary to preserves the advantages of liberty, and to maintain a free government. The <u>people</u> ought, consequently, to have a particular attention to all those principles in the choice of their Officers and Representatives: and they - [<u>the people</u>] - have a **right to***

---

[10] In *Goodridge*, 798 N.E.2d at **n.33**, Chief Justice Marshall – astoundingly – offers up another critical "game-changing" assertion that defies all veracity demanded of a Chief Justice. Marshall claims, with straight face, that neither the Framers nor the Legislature knew what they intended when they used the term "marriage" in c. III, Art. V of the *Massachusetts Constitution*, *"All causes of marriage, divorce and alimony...until the Legislature shall, by law, make other provision."* Marshall, under Oath to this *Constitution*, further posits that in 1780, the Framers and Legislature may well have desired the practice of homosexuality to be a vibrant and regular part of the fundamental 'right to marry,' as understood by the phrase *"all causes of marriage."* Such guile is absurd beyond description because it attempts to defy, nullify and question the wisdom of both Legislature and, more gravely, the Framers. Inasmuch as *Milford v. Worcester*, 7 Mass. 48, 52 settled that constitutional question in 1810, by stating, *"Marriage founded in the social nature of man and intended to chasten, and refine the intercourse **between the sexes**...is an engagement by which a single man and a single woman, of sufficient discretion, take each other for husband and wife,"* Marshall's stultified cleverness must be dismissed as "bad faith" inference. Moreover, how does Marshall reconcile that c. V § II of the *Constitution*, *"Wisdom, and knowledge, as well as virtue, diffused generally among the body of the people, being necessary for the preservation of their rights and liberties,"* as in any way, evincing an embracement of the practice of homosexuality in the marriage contract? Fully before Marshall was born or came to this country, the SJC stated, *"Long-continued interpretation of constitutional provisions by Legislative department of government may be deemed true construction of such constitutional provision."* *Fitzgerald v. Selectmen of Braintree*, 5 N.E.2d 838 (1937). By what logic could Marshall suspect that the Legislature in 1780 under c.1, §1, Art. IV, would conclude that the practice of homosexuality, solemnized as marriage: was *"all manner of wholesome and reasonable?"* Marshall fails to grasp the judicial ermine of utter impartiality: that if one opposes **conduct** long denounced by society, as gravely disordered, it does not foment one as either bigoted or invidious. **Finally**, further facts adduced in rebutting the judicial falsehoods propounded in n.33 are ample, but simply redundant.

Commonwealth of Massachusetts v. United States Department of Health and Human Services et al.
Case Number: 09-CV-11156 JLT
Argument in Support of Rule 24(b) and Rule 59(e) Motions

> ***require*** *of their lawgivers and magistrates, an <u>exact and</u>* <u>*constant observance of them*</u> *in the formation and execution of the laws necessary for the good administration of the Commonwealth"* [Emphasis added]

There is no doubt that the above two clauses of the *Constitution* provide a powerful, existing, continuous non-Judge made "rational reason" to maintain marriage as a 'man and woman.' Even <u>suggesting</u>, the practice of homosexuality could intrude upon the above directive fails as a matter of law. What Judge would misconstrue, the phrase *"absolutely necessary?"* Toppling marriage laws of 'man and woman,' by calling marriage an "evolving paradigm,"[11] shows open hostility to: *"exact and constant observance."* For Chief Justice Marshall to ignore, question or hold in contempt the above "rational reason" – based upon the *Constitution* - is criminal and impeachable misconduct. *"Words of the Constitution cannot be ignored as meaningless."* <u>In Re Opinion of Justices</u> 126 N.E.2d 795 (Mass. 1955) *"To its provisions* [the Constitution] *the conduct of all governmental affairs must conform."* <u>Loring v. Young</u> 239 Mass. 349, 376-377 (1921). Even the three, strong dissenting judicial opinions in *Goodridge* implicitly understood the *"absolute necessity"* of Article XVIII.

> **B.** As to another "rational reason," why the Constitution must be adhered to, the *Preamble* and 106[th] Article of Amendment assert, *"government is instituted to furnish citizens the power of enjoying their natural rights"*...and are *"certain natural, essential and unalienable rights...of all people born free and equal."* Let us set forth the following syllogism to reach an unassailable conclusion:

> a) There is firm agreement, ***under the Law,*** that for 223 years, marriage is defined as the union of one man and one woman; *See: <u>Milford v. Worcester</u>,* 7 Mass. 48, 52 (1810)
> b) That government is instituted to furnish citizens with the power of enjoying *"in safety and tranquility their **natural** rights."* -<u>Preamble</u>

---

[11] <u>Goodridge</u> 798 N.E.2d at 967

Commonwealth of Massachusetts v. United States Department of Health and Human Services et al.
Case Number: 09-CV-11156 JLT
Argument in Support of Rule 24(b) and Rule 59(e) Motions

c) That, the union of one man and one woman, as marriage, is recognized as a *natural, essential* and *unalienable* right, of *all people free and equal*;

d) That every man has equal right **under the law** to marry any woman, AND that every woman has equal right **under the law** to marry any man. And in total - every man and woman have equal rights **under the law** to marry.

e) That, *heretofore*, we have agreed – **with each other** - by covenant, to be governed by certain Laws, not for our individual good, but for the Common good; **Article VII, Preamble**

f) That, heretofore, we have agreed to the enjoyment of our life, liberty and property, according to standing Laws. **Article X.** Such marriage laws standing for over 223 years;

g) That the union of two men, seeking to be 'married,' *is not recognized* as a natural, essential or unalienable right understood by any law in the Commonwealth; nor is it *"under the law."*

h) That the union of two women, seeking to be 'married,' is not recognized as a natural, essential or unalienable right understood by any law in the Commonwealth; nor is it *"under the law."*

i) That the Framers chose carefully the words to place in the Constitution,[12] and the phrase *"**certain** natural, essential and unalienable rights,"* makes crystal clear to any reader that not all claimed rights and liberties are, *nor will be*, recognized by the Commonwealth. (See many citations.)

j) That homosexual conduct, culture and acts have always been imputed to be UNNATURAL...as opposed to NATURAL. And no judicial ruling could issue a finding of fact *and* conclusion of law that: 2 men in homosexual relations or two women in homosexual relations is NATURAL...to comport with **Article CVI.**

k) That two men engaged in intimate homosexual conduct who wish to seal their relationship as "marriage," could **never** be adjudicated - by any Supreme Court Justice - as *natural* and in any way *equal* to a man and woman who wish to seal *their* relationship in marriage.

l) That to "reformulate" the definition of marriage as the union of two men can never be found to be *natural*, nor as devolving to the Judiciary to so declare that there is a "rational or legal reason" for doing this.

m) That a reading and contemplation – by a Chief Justice - of the words and directives contained in **Chapter VI**, **Article VI** in conjunction with **Article CVI**, confirms the truth of the conclusion of argument "j" above, thereby constraining any opposite reading of a law standing for 223 years.

n) Plaintiffs *Goodridge* have chosen not to marry in harmony with the 223-year standing law of man and woman in the Commonwealth. In fact, plaintiffs explicitly reject this natural form of marriage and demand the Court accord them "special treatment" - **TO THEIR UNNATURAL DESIRE** - because of their sexual orientation *and* same-sex and status.

---

[12] "Every word and phrase in the Constitution was intended and has meaning and such words and phrases must be presumed to be chosen advisedly; they must be given their ordinary meaning and construction to accomplish a reasonable result." *In Re Opinion of the Justices* 712 N.E.2d 83 (Mass. 1999)

Commonwealth of Massachusetts v. United States Department of Health and Human Services et al.
Case Number: 09-CV-11156 JLT
Argument in Support of Rule 24(b) and Rule 59(e) Motions

o) Plaintiffs *Goodrich* have not met the "heavy burden"[13] of their "sex-discrimination" claim that two men in intimate relations or two woman in intimate relations is so NATURAL to be called a fundamental right of marriage. (many citations of "rational basis review" omitted)

p) Plaintiffs *Goodridge* are not denied the right to marry in the Commonwealth, *under the law*; they are simply prohibited from "marrying" in a manner that is inconsistent with the 223+ year definition of marriage, *which may threaten that institution."*[14]

q) The concept of natural rights finds its origin in the *Preamble*, extending to Art. I.[15] Cf.: *In Re Opinion of the Justices* 22 N.E.2d 49, 57 (Mass. 1939) (see [**b** and **c**] above).

That Margaret Marshall's conclusion that marriage 'as a man and a woman,' *"does not survive the rational basis review"*[16] despite the foregoing is yet another egregious example of judicial mendacity and a Judge who *"does **not** respect and comply with the law."* *"Unless act of legislature cannot be supported upon any rational basis of fact that reasonably can be conceived to sustain it, court has no power to strike it down as violation of Constitution."* Blue Hills Cemetery v. Board of Registration, etc., 398 N.E.2d 471, 475 (Mass. 1979). Did movant not prove his syllogism of "rational basis:" beyond reasonable doubt?

C. *Milford v. Worcester* 7 Mass. 48 (1810) offers a most powerful and immutable "rational reason" to hold marriage as a man and a woman. For it settles the constitutional questions and decides with finality that issue under the Constitution, that which Chief Justice **would not abide**:

> *"Marriage, being essential to the peace and harmony, and to the virtues and improvements of civil society, it has been, in all well regulated governments, among the first attentions of the civil magistrate to regulate marriage; by defining the characters and relations of parties who may marry, so as to prevent a conflict of duties, and to preserve the purity of families..."* Id at 52.

Whether to elevate or solemnized the 'practice of homosexuality' as marriage, is *"social*

---

[13] See Blue Hills Cemetery v. Board of Registration, etc. 398 N.E.2d 471,474 (1979)
[14] *Commonwealth v. Stowell* 449 N.E.2d 357 (Mass. 1983) (an act of adultery)
[15] Article I in the Declaration of Rights has been annulled in favor of the 106th Art. of Amendment.
[16] *Goodridge,* 798 N.E.2d at 959

Commonwealth of Massachusetts v. United States Department of Health and Human Services et al.
Case Number: 09-CV-11156 JLT
Argument in Support of Rule 24(b) and Rule 59(e) Motions
*question – being fairly debatable,"* and not a question for the Judiciary. (numerous cites).

**II.** Chief Justice Marshall violated "rational review" standards in a number of ways. *Heller v. Doe*, 509 U.S. 312, 319-20 (1993), is very controlling here, and Marshall scoured the fields of the federal jurisdictions[17] for <u>any</u> case or dicta that would frantically bolster her action – and perplex the reader. It is, therefore, not surprising that after the Chief Justice completed her lecture in *Goodridge* that "government action cannot be arbitrary or capricious"[18] that she would disregard *Heller v. Doe* from guiding and directing her decision. The Massachusetts SJC in *Blue Hills*, supra, was explicit: *"Our task here is limited and clear."*[19] 398 N.E.2d at 475.

    **A.** Marshall engaged in random, pervasive, rambling and impermissible judicial courtroom fact-finding to undercut the *Constitution* and 223 years of marriage. See *Goodridge*, generally and 798 N.E.2d 961-968. The review *"is not a license for the courts to judge the wisdom, fairness, or logic of legislative choices."*[20]

    **B.** Marshall demanded the Commonwealth, against its legal obligation, to produce evidence of a "rational reason."[21]. It is clear beyond argument and citation: the Massachusetts Department of Public Health has no obligation to defend the rationale of Legislature or the *Constitution*'s Framers in the *use*, *definition*, or *understanding* of the 223 year-old term "marriage" The chief Justice ignores the preeminent and primordial touchstone of reviewing legislative acts for constitutionality:

---

[17] There are countless forays to foreign jurisdictions for commentary that is utterly irrelevant to the state laws of marriage in the Commonwealth. One can only think it was done to add confusion and chaos.
[18] *Goodridge* 798 N.E.2d at 959
[19] This Supreme Judicial Court says, rational review is really: "get in and get out." Opposed, Marshall, in *Goodridge*, passim, attempts to 'prove a negative' and her own justification by weaving a voluminous mountain of superfluous, emotional, confusing and *ad hominem* thoughts, that – again – ignore the *Constitution*.
[20] *Heller v. Doe* 509 U.S. at 319-20 (numerous other state and federal cites)
[21] *Goodridge* 798 N.E.2d at 961-68

Commonwealth of Massachusetts v. United States Department of Health and Human Services et al.
Case Number: 09-CV-11156 JLT
Argument in Support of Rule 24(b) and Rule 59(e) Motions

> *"It has been again and again said by this court, and by various Judges, that the construction of the [Massachusetts] Constitution given by the Legislature by a long continued course of legislative acts ought to have a great weight in the consideration of a question like the present and it is not to be overruled unless manifestly erroneous...acts of the legislature are not to be set aside as unconstitutional unless most clearly in conflict with the provisions of the Constitution."* <u>Davison v. Johonnet</u>, 48 Mass. 388, 395,397 (1844)

C. A statute must be upheld if there is *"any reasonably conceivable state of facts to support a rational basis..."*[22] *When civil government has established regulations for the due celebration of marriages, it is the duty, as well as the interest, of all the citizens to conform to such regulations.* [<u>See</u> Preamble - a covenant;] ***A deviation from them may tend to introduce fraud and surprise in the contract.*** <u>Milford V. Worcester</u>, 7 Mass. 48, 55 (1810)

D. The "burden is on the one attacking the legislative statute or constitutional challenge..."[23] <u>See</u> also <u>Blue Hills Cemetery</u>, supra, *"as long as there are possible findings which the legislature could have reasonably made in the legitimate exercise of the police power its reasoning **will be upheld**..."they carry a heavy burden to overcome the statute's presumption of constitutionality."* 398 N.E.2d at 475.

E. Finally, <u>Goodridge</u> – passim - is filled[24] with useless, irrelevant, argumentative, debilitating, rambling and incoherent dicta and footnotes that builds no case for overturning the numerous rational reasons that were

---

[22] <u>Heller</u>, supra
[23] <u>Heller</u>, supra 509 U.S. at 319-20
[24] No disrespect intended, just an unvarnished factual conclusion of the decision as a whole.

25

Commonwealth of Massachusetts v. United States Department of Health and Human Services et al.
Case Number: 09-CV-11156 JLT
Argument in Support of Rule 24(b) and Rule 59(e) Motions

available to the Chief Justice.[25] Through outlandish jabberwocky, Marshall attempts – in bad faith – to destroy 223 years of lawful marriage when there has never been doubt as to 'marriage' or the legislature's constitutional power in that area:

> *"Whatever provisions…have been established by the legislature [1785 c. 69] must be enforced, it being undeniable that the authority of that body is competent to repeal or alter the common rule in this particular."* Keiger v. Day *19 Mass. 316, 317 (1824)*

**III.** Exhibiting mendacity, bias and partiality in deciding *Goodridge*, Chief Justice Marshall omitted and concealed many SJC decisions and Articles of the *Massachusetts Constitution* which would have: **1.)** Restricted her authority to act; and **2.)** Provided "rational reason" to restrict – no, keep in place – the centuries old marriage laws as a 'man and a woman,' thereby reaching an opposite result in *Goodridge*. This further applies to the "reckless" findings that Judge Tauro made in *Largess* 317 F.Supp.2d at 83-84, *without* any legal citations.[26]

   **A.** There are no fewer than 11 Constitutional Clauses; 3 standards of judicial review; and 1 statutory requirement directly bearing on the authority of the Chief Justice to "redefine marriage." That totals 15 points of law either omitted from *Goodridge*, or falsely applied. This 1st Circuit has described 'fraud' to include: "*actual, direct false statements as well as half-truths and the knowing concealment of facts.*" [27]

   **B.** Listed below are the omitted Clauses.[28] Those set out in **bold** are entirely

---

[25] See *Washington v. Glucksberg*, 521 U.S. 702, 720-21 (1997) (A failure to undertake a "careful description" of a fundamental right places the matter outside the arena of public debate and legislative action.) The 'right to marry is a fundamental right – the practice of homosexuality is not.

[26] If this movant's Argument is availing, it is extremely doubtful that Judge Tauro should be deciding this DOMA case overturning an Act of Congress. This is reasoned because Tauro's 'findings' assigned to Chief Justice Marshall, the power Marshall did not possess to introduce to Massachusetts 'same-sex' marriage.

[27] See, discussion: *In Re Lupron® Etc.*. 295 F.Supp.2d 148 (D. Mass. 2003).

[28] These omissions become of "heightened concern" because all Massachusetts Judges and lawyers take the Lawyer's Oath of Office as well as the public Oath of Office. Items # 10 & 12. They swear under Oath to be "faithful to the rules and regulations" of the *Massachusetts Constitution*, and *"to do no falsehood, nor*

Commonwealth of Massachusetts v. United States Department of Health and Human Services et al.
Case Number: 09-CV-11156 JLT
Argument in Support of Rule 24(b) and Rule 59(e) Motions

omitted in Goodridge; those in *italics* are applied in a manner either

inconsistent with the law, or in an arbitrary and capricious manner.

1. **Massachusetts Constitution – Preamble**
2. *Massachusetts Constitution - Amendment Article 106*
3. **Massachusetts Constitution - Chapter III, Article V**
4. **Massachusetts Constitution - Chapter VI, Article VI**
5. **Massachusetts Constitution - Article XVIII - Declaration of Rights**
6. **Massachusetts Constitution - Article X - Declaration of Rights**
7. **Massachusetts Constitution - Article XXX - Declaration of Rights**
8. *Massachusetts Constitution - Article XXIX - Declaration of Rights*
9. *Massachusetts Constitution - Chapter I; Section I; Article IV*
10. **Massachusetts Constitution - Chapter VI, Article I**
11. **Massachusetts Constitution - Chapter V, Section II**
12. **M.G.L. Chapter 221 § 38**
13. **Beyond Reasonable Doubt Review**
14. *"Rational Basis" Review*
15. **Interpreting Constitution as One Harmonious Unit** [29]

C.   In addition no fewer than 12 state SJC decisions and (2) U.S. Supreme

Court decisions were completely omitted from publication, **because** they

contained legal facts, arguments and conclusion adverse to the result

reached in *Goodridge*.

Purporting to "guard state constitutional rights more jealously than the U.S. Constitution

---

*consent to doing any in Court."* One asks, how can these omissions be possible? Moreover, Attorney General Coakley takes *her* Oath, not to Margaret Marshall or to *Goodridge*, but to the *Constitution*.

[29] It is beyond possible - in this "brief" - to pick apart and expound every single one of these 15 items. Suffice it to say by the movant, that when our Supreme Court claims authority to overturn an act of the Legislature as unconstitutional, asserting that it violates the 'equal protection and liberty clauses' of the Massachusetts Constitution, it is "absolutely necessary" to view all aspects of the *Constitution* as opposing such a conclusion or restricting, by law or separation powers, the SJC's power to act. Moreover, the SJC has concluded that the *Constitution* must be viewed as a harmonious unit with words, phrases and clauses being considered to a reasonable result and "not ignored." See *Loring v. Young*, 239 Mass. 349, 377-76 (1921) and similar cases thereto. By omitting many Articles and decisions, adverse to *Goodridge*, the Chief Justice utterly failed this review and violated citizens' rights to be protected by *"standing laws."* Art. X. This Federal District Court denied movant's request to submit an *amicus* brief in this regard.

Commonwealth of Massachusetts v. United States Department of Health and Human Services et al.
Case Number: 09-CV-11156 JLT
Argument in Support of Rule 24(b) and Rule 59(e) Motions

does,"[30] is not a license to ignore, twist or abolish 10-12 Articles of the Massachusetts

Constitution, as here, along with numerous other controlling judicial decisions.[31]

IV. The Chief Justice abused and exceeded her judicial authority[32] to decide constitutional matters by regulating the institution of marriage in the Commonwealth and redefining its composition as a 'man and woman' to "any two persons"

A. The Chief Justice, *Goodridge* at 959, selectively quotes Justice Stevens' concurring opinion on "rational review" in *Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 452 (1985)[33]. But Marshall - not surprisingly – **truncates**, *this*, the balance of his thought, fully indicting Marshall's activism:

> *"Thus, the word "rational" - for me at least - includes elements of legitimacy and neutrality that must always characterize the performance of the sovereign duty to govern impartiality."* Id at 452

Demonstrating continuing deception and judicial misconduct, the Chief Justice,

**further omits** Justice Stevens' footnote 4, necessary condition:

> *"If however, the adverse impact may reasonably be viewed as an acceptable cost of achieving a larger goal, an impartial lawmaker could rationally decide that the cost should be incurred."* Id. [34]

---

[30] Cf. *Coffee-Rich v. Commonwealth,* 204 N.E.2d 281,286 (1965); *Arizona v. Evans,* 514 U.S. 1, 8 (1995)
[31] This is the prima-facie case for fraud-on-the court. What Chief Justice would brazenly ignore or omit myriad controlling case law and Articles of the Constitution from a hotly contested ruling? Perhaps, only a Judge, who, not having the facts or law, and thinking her ruling couldn't be reviewed by a higher court.
[32] Predictably, neither Chief Justice Marshall in *Goodridge*, nor Judge Tauro in *Largess* acknowledge or discuss (from any source)any limits on their judicial authority to decide *if* or *how* to 'reformulate' marriage.
[33] "[a]n impartial lawmaker could logically believe that the classification would serve a legitimate public purpose that transcends the harm to the members of the disadvantaged class." [4] (Footnote in orig.)
[34] The Legislature, citizens and Framers in 1780 were all entitled the presumption of this "rational basis."

Commonwealth of Massachusetts v. United States Department of Health and Human Services et al.
Case Number: 09-CV-11156 JLT
Argument in Support of Rule 24(b) and Rule 59(e) Motions

The foregoing is an example of a the Chief Justice **deliberately concealing** the details of a Supreme Court decision providing clear directive on *how* rational basis review ought and must be applied. And when the Chief Justice demands this case turn on "rational review," these are *aggravated* circumstances. This is the fraud, by which Judge Tauro and AG Coakley wish to overturn an Act of Congress. Taken with the Justice Stevens comments, Marshall's *"scarring hardship"*[35] comment is incontrovertible evidence of Marshall substituting her *"personal policy preferences"* for the *"wisdom and expediency of the Legislature,"* further, implicating Articles XXX and XXIX - the Separation of Powers and impartiality clauses.

> **B.** Concerning the regulation of marriage, under the guise of a constitutional question, in order to define, re-define, interpret, reinterpret or reformulate the fundamental and bottomed essence of marriage[36], Marshall's predecessors on the Supreme Court, said this about the regulation of marriage:
>
>> *"Whether it is wise and expedient so to change the law of Massachusetts as to allow an act, which so deeply affects the relations and the rights of the contracting parties and their offspring, to become binding in law...is a matter for legislative, and not for judicial consideration."* [37]

And again, *"In Massachusetts, from very early times, the requisites of a valid marriage have been regulated by statutes of the Colony, Province and Commonwealth;"* Commonwealth v. Munson, 127 Mass. 459, 460 (1879)

> **C.** Throughout *Goodridge*, Marshall insists the SJC has inherent power

---

[35] *Goodridge*, 798 N.E.2d at 968
[36] See Judge Tauro findings - *Largess*, 317 F.Supp.2d at 83-84. Contrast *Mangue v. Mangue*, 1 Mass.240, 241 (1804).
[37] *Commonwealth v. Munson*, 127 Mass. 450, 470 (1879)

Commonwealth of Massachusetts v. United States Department of Health and Human Services et al.
Case Number: 09-CV-11156 JLT
Argument in Support of Rule 24(b) and Rule 59(e) Motions

and obligation to act as a check on the Legislature[38] in matters of
marriage, even as the *Constitution* or statutes enumerates none. **Even**
to reformulate marriage. Yet, curiously, in 2006, her colleague,
Justice Greaney,[39] now says otherwise in a marriage case:

> *"There is no presently articulated judicial remedy for the*
> *Legislature's indifference to, or defiance of, its*
> *constitutional duties. We have no statutory authority to*
> *issue a declaratory judgment concerning the*
> *constitutionality of legislative action, or inaction, in this*
> *matter...The language of art. 48 does not permit, by*
> *inference or otherwise, a judicial order..."* *Doyle v. Sec of*
> *Commonwealth*, 858 N.E.2d 1090, 1094-95 (2006)

To the reasonable and impartial observer, it appears arbitrary, capricious,
duplicitous and spurious to claim full power to rebuke the constitutional acts of the
legislature in *Goodridge*, then decline to exercise the same judicial power of *vigorously*
deciding constitutional questions brought about by the legislature in *Doyle*. Neither
*Goodridge* – the decision to act[40] - nor *Doyle* - the refusal to act[41] - is founded on a
rational, lawful reason, common to that Court's mutual exercise of judicial power.

**D.** Chief Justice Marshall's *Goodridge* decision, properly considered, is
not an act of judicial review, as claimed. It is an act of "revising
laws" because **a 'man and woman' as marriage** has existed for
centuries – certainly not in need of "judicial review," or "unjust."

Thomas Aquinas, a towering intellect of philosophical thought, discoursed frequently on
law and politics. His findings are instructive here, since Nations and Governments have

---

[38] See generally, *Goodridge* 798 N.E.2d at 966-67

[39] Justice Greaney in 2003, supported *Goodridge*, filed a concurring opinion, thereto and is now retired.

[40] *Black's Law Dictionary* (6th Ed) defines **judicial activism** as, "a philosophy of judicial decision-making whereby judges allow their personal views about public policy, to guide their decisions, and where adherents tend to find constitutional violations and are willing to ignore precedent."

[41] Compare the Judiciary's understanding, in the first volume of recorded Massachusetts decisions, of their authority to act in marriage: *"As to the case before the Court, there must have been such a marriage as is pointed out by the acts of the legislature, (stat. 1785 c. 69)... I am clear that there is not evidence of such a marriage as the act of the legislature considers as a marriage to **all** intents and purposes legal; and of such only can we take notice."* *Mangue v. Mangue* 1 Mass. (Williams) 240, 241-42 (1804).

Commonwealth of Massachusetts v. United States Department of Health and Human Services et al.
Case Number: 09-CV-11156 JLT
Argument in Support of Rule 24(b) and Rule 59(e) Motions

frequently turned to his writings for guidance. He regularly began his inquiry by asking a

question, as here: **Should Human Laws Always Be Revised for Something Better?**[42]

> "On the contrary, the *Decretum*[43] says: *'It is foolish and rather detestably shameful to allow the traditions of our forefathers to be modified.'"* **He answers**: "Human laws are revised insofar as their revision serves the common good. But the very revision of laws…involves some detriment to the common good. For custom avails very much for the observance of laws, since we regard things done contrary to common custom…as rather serious. And so, the binding force of law is diminished when laws are revised, since custom is removed. And so, human laws should never be revised unless the common good gains in one respect as much as it loses in the other…because a very great and clear benefit results from the new law, **or** because there is a very great necessity due either to the fact that the existing law is clearly unjust, **or** to the fact that the observance of the existing law is most harmful…**the Jurist**[44] says that *'in establishing new laws, the benefit of departing from laws long perceived as just ought to be evident.'* …*'laws have their greatest power from custom.'*[45] …The argument concludes: laws should be revised. But they should be revised for the sake of a great benefit or necessity, not for the sake of *any* betterment." [46] [47] [Emphasis added]

## Summary of Offer of Proof

Under the *Massachusetts Constitution*, the Commonwealth has no authority

to sponsor or to introduce the practice of homosexuality into the institution of

marriage. No Article, no Statute, no ruling of case law, and no 'rational review

analysis' supports the practice of homosexuality solemnized as 'marriage.' By ruling

that "banning same-sex couples from marriage, violates the Constitution, and by

reformulating marriage to be "any two persons," Chief Justice Marshall erred as a

matter of law and *willfully* exceeded her lawful authority under the *Massachusetts*

*Constitution*.

---

[42] Thomas Aquinas (1225-1274) *Summa Theologica* I-II, Q-97, A-2. "*On Law, Morality & Politics*"

[43] Gratian, *Decretum* I, dist. 12, c. 5 (Gratian was a Roman emperor 375-383 AD).

[44] Justinian the Jurist, *Digest* I title 4 law 2 (Justinian "the Great" was a Roman emperor 526-565 AD).

[45] Aristotle. *Politics*, II 5 (Greek Philosopher 384 -322 BC.)

[46] This whole discourse mirrors Article XVIII of the Declaration of Rights in the *Constitution*, providing ample and mandatory "rational reason" *of an exact and constant observance, being absolutely necessary.*

[47] Contrast this discourse with the Commonwealth's desire to repeal DOMA…for something better?

Commonwealth of Massachusetts v. United States Department of Health and Human Services et al.
Case Number: 09-CV-11156 JLT
Argument in Support of Rule 24(b) and Rule 59(e) Motions

### Conclusion

The movant, clearly, has a 14th Amendment Due Process right to be heard on these issues – which he has clearly pressed for years – *"in a meaningful way and by an impartial tribunal not predisposed to find against him."* The movant respectfully argues that this District Court has an indisputable obligation to have these important issues of law heard and decided, by either this Court or a higher Court, and by denying movant Leave to Intervene and to File a Rule 59(e) Motion and place these issues for an "impartial hearing at the courthouse door," this Court will have abused its discretion and erred as a matter of law.

The movant respectfully requests that he be granted Leave to Intervene and have his claims for relief heard consistent with those expressed in the Motion, at pp14 and 15.

Respectfully Submitted,

JULY 19, 2010

MARK A. THOMAS (Pro Se),
MOVANT-APPLICANT
482 BEACON STREET
BOSTON. MA 02115
(617) 267-2859

Commonwealth of Massachusetts v. United States Department of Health and Human Services et al.
Case Number: 09-CV-11156 JLT
Affidavit of Mark A. Thomas, Proposed Movant-Intervenor-Applicant

## AFFIDAVIT

1.) My name is Mark A. Thomas. I am a dual citizen of the Commonwealth of Massachusetts and the United States of America.

2.) With regard to this matter, the applicant is <u>not</u> associated with any groups or organizations; he has not received any funding from same, nor has he been requested or encouraged by anyone to file these Motions.

3.) I profusely apologize here, as well as *post* and *ante,* for the strong, condemnatory and somewhat intense wording that has, sometimes, characterized affiant's pleadings throughout and in the past 7 years. I particularly apologize to Attorney General Martha Coakley, Justice Margaret Marshall and Judge Joseph Tauro. The topic here – same-sex marriage is not a light, causal subject. Not a few lives, souls and morals are at risk here. If, I have "gone over the line," or imputed any falsity to one's conduct – point it out to me and I will publicly apologize. I have tried to be excruciatingly careful in this respect. Notwithstanding the foregoing, this is a grave, national issue – and things need to be said, and said emphatically. I suggest – and others may disagree – that sometimes, charity, comity and deference must give way. Thomas Jefferson – **and I am nowhere near him** – pulled no punches when he wrote his Declaration of Independence.

4.) Not including this Motion to Intervene, I have filed (4) Motions to Intervene in this matter, 09-CV-11156 JLT, under Rule 24(b). I have been rebuked and turned away (4) times in this regard by Judge Tauro; by the Commonwealth and by the United States.

5.) My claims are concise, clear and straightforward. I.) The *Goodridge* decision,

Commonwealth of Massachusetts v. United States Department of Health and Human Services et al.
Case Number: 09-CV-11156 JLT
Affidavit of Mark A. Thomas, Proposed Movant-Intervenor-Applicant

upon which the Commonwealth relies to prosecute this case and claim federal deprivations, is false, fraudulent and against the *Massachusetts Constitution* and Supreme Judicial Court decisions thereto. **II.)** The Attorney General Martha Coakley, under Massachusetts and Federal law possessed no authority to file this case, sue the United States of America, and overturn an Act of the U.S. Congress. **III.)** There are other issues that have arisen since this Court's judgment of July 9th 2010 going to general jurisdiction of the Court and Summary Judgment facts.

6.) The applicant is not a lawyer. However, with regard to the subject matter of homosexual marriage and the subsidiary issues therein, he has examined with a 'fine-tooth comb' the *Massachusetts Constitution* and many relevant rulings thereto. I state with every truth and fiber in my being, **So help me God**, that the *Goodridge* ruling 798 N.E.2d 941 (2003) is fully, completely and totally unsupported by *The Massachusetts Constitution* and Supreme Court decisions thereto. It is – perhaps – the greatest act of judicial mendacity propounded in the history of the Commonwealth.

7.) The Applicant re-affirms in this affidavit, with the support of ¶6 supra, both Chief Justice Margaret Marshall and Attorney General have willfully misread the *Massachusetts Constitution* in a manner that no rational and highly trained lawyer or judge could reach such conclusions. *Goodridge* does not comport with the *Constitution* or the truth.

8.) Judge Joseph Tauro, Chief Justice Margaret Marshall and Attorney General Martha Coakley are educated, experienced, seasoned and highly trained lawyers. All have reviewed the *Goodridge* decision. They know or should know that the

Commonwealth of Massachusetts v. United States Department of Health and Human Services et al.
Case Number: 09-CV-11156 JLT
Affidavit of Mark A. Thomas, Proposed Movant-Intervenor-Applicant

affiant's continued claims of: fraudulence in *Goodridge* has a very high degree of accuracy and truth. They have refused to approve an *Amicus Curiae* Brief on *Goodridge* in order to publicly prove this claim. The affiant justly feels he has been obstructed in this regard -- by those in power -- which opposes the letter and intent of both *Constitutions* in permitting meaningful access to the courts.

9.) Since 2002 or 2003 when the matter of homosexual marriage became a contested political and legal issue in the Commonwealth, I have actively and extensively researched the matter in a number of public and law libraries for many, countless hours. In 6 -- 7 years time, I have become thoroughly familiar with Massachusetts Constitutional law on the issue of homosexual marriage and the many, subsidiary issues. On this topic, I have submitted many papers, briefs and communications to the Legislature, the Governor and the Judiciary over his time well-exceeding 100 pages in total. Affiant feels after 7 years, and in this DOMA case, he has established his legal interest beyond doubt to be granted Intervenor status, since both parties want DOMA repealed.

10.) The affiant states, **without absolutely promising**, that if granted Intervenor Status, he will make his very best efforts to secure the services of an Attorney, acceptable to this Court, to represent his interests - and remove himself.

I, Mark A. Thomas, proposed movant-intervenor-applicant, under the pains and penalties of perjury, and by my signature below, do hereby swear to the truth of the foregoing statements in this Affidavit, So Help me God.

7/19/2010

35